**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3454-21

AUDUBON MUTUAL
HOUSING CORPORATION,

    Plaintiff-Respondent,

v.

ERIK REDFIELD and
KELLY ANN REDFIELD,
a/k/a KELLY REDFIELD,

    Defendants-Appellants.

_____

Submitted December 11, 2023 – Decided February 15, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. C-000011-22.

South Jersey Legal Services Inc., attorneys for appellants (Sonia Leona Bell, on the brief).

Thatcher Passarella, PC, attorneys for respondent (David A. Thatcher, on the brief).

PER CURIAM

Defendants Erik Redfield and Kelly Ann Redfield[1] appeal from a June 1, 2022 Chancery Division order of ejectment from their rental home and judgment of possession, based on habitual arrears in monthly payments. We reverse because the trial court's findings were not supported by substantial, credible evidence in the record and remand for a plenary hearing.

We summarize the relevant facts from the limited record developed on the return date for the summary ejectment action. By way of background, in 1941, the Audubon Mutual Housing Corporation was formed to manage and operate a housing project, funded by the Federal Works Administration, to provide housing for families with members engaged in national defense activities. The project was known as Audubon Park in Audubon, New Jersey. In 1954, plaintiff, a not-for-profit corporation, acquired ownership by quitclaim deed from the federal government and continued to manage and operate the Audubon Park community.

Since 1974, Kelly Ann's father held a life estate in the family occupied rental home in Audubon Park. Defendants moved into the home when Kelly

---

[1] We refer to defendants by their first names to avoid any confusion caused by their shared surname. No disrespect is intended.

A-3454-21

Ann's father became ill. Defendants assumed occupancy of the home when Kelly's father passed away.

In December 2015, defendants entered a Mutual Home Ownership Contract (Contract) with plaintiff.[2] Pursuant to the Contract, defendants became members in the corporation, possessing an inheritable life tenancy but did not own the home. Under the terms of the Contract, defendants agreed to make monthly operating and utility payments by the fifth day of each month. Paragraph 13(a) of the Contract also stated that "[i]n the event of default by the [defendants] of any payments required under this Contract[,] the [plaintiff] may terminate the Contract upon written notice to the [defendants] in accord with such procedures in effect at such time."

In May 2019, plaintiff filed an order to show cause (OSC) and verified complaint for ejectment and possession of the home. After a hearing was scheduled, defendants brought their payments current, and plaintiff dismissed the complaint.

Defendants again fell behind in their payments and in October 2019, plaintiff filed a second OSC and complaint for ejectment. On October 24, 2019,

---

[2] The contract shows the parties entered the Contract in December 2015, but did not sign the contract until February 2016.

A-3454-21

the court entered a consent order detailing a payment plan reached between the parties. The consent order provided that "[u]pon default of [defendants] to timely submit . . . payments outline[d] in the [c]onsent [o]rder, [p]laintiff shall immediately recover from [d]efendants . . . the possession of the dwelling . . . ."

During the COVID-19 pandemic, defendants became delinquent for a third time and were unable to comply with the terms of the repayment plan. In September 2020, the parties entered a second payment plan to bring their payments current. The payment plan contained a provision which stated: "If the above terms are defaulted on[,] this agreement will be immediately terminated[,] and the account will be forwarded to the attorney for collection. All attorney fees and late fees will be the responsibility of the contract holder and added to the account." The payment plan also included a handwritten provision, initialed by both defendants, which stated: "If agreement is not adhered to[,] resident[s] agree[] to vacate [the home] in [thirty] days."

In January 2022, plaintiff filed a third OSC and verified complaint for ejectment and declaratory judgment. In the complaint, plaintiff asserted defendants were in arrears in the amount of $7,417.30 and that the Contract was terminated based on defendants' failure to make timely monthly payments.

Thereafter, the court entered an order and scheduled a hearing for February 28, 2022. The order also required defendants to file and serve a written answer by February 18. In compliance with the order, on February 4, 2022, plaintiff served defendants with the verified complaint, the OSC, and the order establishing the filing deadline for defendants' answer as February 18. In a letter dated February 3, 2022, plaintiff's counsel also notified defendants that he would be out on leave during the February 28 hearing date, had requested an adjournment, and would notify defendants of the new hearing date if his request was granted. Defendants failed to file an answer to the complaint, and thus, did not comply with the court's order.

On March 9, 2022, the court granted plaintiff's request for an ejectment judgment from the home. Plaintiff thereafter requested and was granted a writ of possession on March 21, 2022. A Camden County sheriff officer then served defendants with the judgment for possession and writ of possession. On March 28, 2022, defendants voluntarily vacated the home.

In May 2022, Erik moved to vacate the judgement for possession.[3] He certified that settlement efforts with the plaintiff were futile. He also certified

---

[3] The application was not included with defendants' Appendix; only defendant Erik Redfield's and his attorney's certifications are included.

that he was "unaware that [he] had to contact the court before February 18, 2022." He explained that he had contacted the court and was advised that plaintiff's counsel was on vacation. Plaintiff's counsel contacted Erik when he returned from vacation and told Erik that "[plaintiff] was not willing to work with [him.]" Erik then contacted the court and was informed the matter would be heard on plaintiff's submission because he missed the February 18 deadline. On May 19, 2022, the judge entered an OSC why the judgment for possession should not be vacated and scheduled a hearing for May 25.

At the OSC hearing, both parties were represented by counsel. Relying on Rule 4:50-1, defendants argued they were entitled to relief from the judgment of possession because (1) they were deprived of the required thirty-five days to file an answer; (2) plaintiff's complaint was improperly brought as a summary proceeding; and (3) plaintiff did not properly notify defendants that the Contract was terminated. In opposition, plaintiff argued that defendants were not entitled to thirty-five days to file an answer because the court set a filing deadline of February 18 in the OSC order, and the September 3, 2020 payment plan constituted written notice of termination of the Contract.

Following oral argument on June 1, 2022, the court entered an order denying defendants' motion to vacate the judgment for possession. In an oral

decision, the court stated that the lack of notice as a concern. However, the court reasoned that the provision in the September 3, 2020 repayment plan "constitute[d] the notice that if there was a failure to pay that [defendants] would be vacating [the home] and that the agreement [was] terminated." The court found plaintiff's application enforced the Contract, which defendant did not oppose and vacated the home. The court concluded it would be inequitable to vacate the judgment and place defendants back in the home when plaintiff has secured another tenant and renovated the home.

Defendants present three arguments for our consideration. First, the judgment of possession was void based on plaintiff's failure to terminate the Contract. Second, the court erred in conducting a summary proceeding absent "legal justification." Lastly, the court erred in allowing the misuse of an OSC.

"A trial court's interpretations of the law and the legal consequences that flow from established facts are not entitled to any special deference," Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995), and its interpretation of court rules is also subject to de novo review, Myron Corp. v. Atl. Mut. Ins. Corp., 407 N.J. Super. 302, 309, aff'd o.b., 203 N.J. 537 (2010). We therefore review de novo the trial court's order.

A-3454-21

A summary action for ejectment is a limited action brought by a party "claiming the right of possession of real property in the possession of another, or [a party] claiming title to such real property." N.J.S.A. 2A:35-1; R. 6:1-2(a)(4) (authorizing summary actions pursuant to N.J.S.A. 2A:35-1 to - 3, "where the defendant has no colorable claim of title or possession"); see J & M Land Co. v. First Union Nat'l Bank, 166 N.J. 493, 520 (2001). To prevail, the party seeking possession must demonstrate ownership of, or control over, the property and that the person facing ejectment has no right to remain at the property. Phoenix Pinelands Corp. v. Davidoff, 467 N.J. Super. 532, 615 (App. Div. 2021).

In this case, the court's decision was based on insufficient proofs and mistaken legal reasoning. Plaintiff failed to demonstrate defendants' life tenancy terminated under the terms of the contract. See Phoenix Pinelands, 467 N.J. Super. at 615. Although the court referred to the second repayment plan and found that constituted notice to defendants, there was no competent evidence that defendants were provided written notice of the contract termination in accordance with the Contract or plaintiff's bylaws. On this record, we therefore cannot conclude plaintiff complied with its obligation to serve the requisite notices prior to filing the ejectment action. Nor is there any

8

competent evidence concerning whether defendants gave up their equity in the home, surrendered their membership in the corporation, or their option to sell or transfer the contract. We therefore reverse and vacate the order of ejectment and writ of possession so that all the facts can be fully developed.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3454-21